Teresa C. Chow (SBN 237694)
**BAKER & HOSTETLER LLP**
*tchow@bakerlaw.com*
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Tel: (310) 820-8800
Fax: (310) 820-8859

*Attorneys for Defendants*
Marriott International, Inc. and
Starwood Hotels & Resorts Worldwide, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SILVER, ALINE BACA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation; STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, a Maryland Limited Liability Company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby remove this action from the Superior Court of the State of California in the County of Los Angeles, Central District to the United States District Court for the Central District of California.

A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice. A copy of the Superior Court of the State of California in the County of Los Angeles, Central District case docket as of the date of this filing is attached as **Exhibit B** to this Notice. A copy of all process, pleadings, and orders filed to date is **Exhibit C** to this Notice. The civil cover sheet is **Exhibit D** to this Notice. Defendants will provide written notice of the filing of this Notice to Plaintiffs and a copy of this Notice will be filed with the Clerk of Superior Court of the State of California in the County of Los Angeles, Central District.

The grounds for removal are as follows:

## BACKGROUND

1. On November 30, 2018, Marriott announced a data security incident involving unauthorized access to the Starwood guest reservation database. On December 3, 2018, Sean Silver and Aline Baca (collectively, "Plaintiffs"), on their own behalf and on behalf of all others similarly situated, filed a putative class action complaint against Defendants in the Superior Court of the State of California in the County of Los Angeles, Central District, styled *Silver, et al. v. Marriott International, Inc., et al.*, Case No. 18-stcv-06982, alleging a nines claims. (Ex. A, ¶¶ 40-111.) Plaintiffs claims include: (1) breach of written contract; (2) negligence; (3) unlawful business practices in violation of California's unfair competition law; (4) unfair business practices in violation of California's unfair competition law; (5) fraudulent/deceptive business practices in violation of California's unfair competition law; (6) constitutional invasion of privacy; (7) negligence *per se*; (8)

breach of the covenant of good faith and fair dealing; and (9) violation of state data breach acts.

2.    Plaintiffs allege they are among the 500 million consumers whose information may have been exposed as a result of the data breach. (*Id.*, ¶ 15.) They allege this incident resulted in customers having "their [Private Identifiable Information] compromised," "their privacy rights violated," "been exposed to the risk of fraud and identify [sic] theft," and "otherwise suffered damages." (*Id.*, ¶ 4.)

3.    Plaintiffs seek relief including equitable relief, actual and compensatory damages, costs, attorneys' fees, punitive damages, and any other relief which the court determines necessary. (*Id.*, Prayer for Relief.) Plaintiffs include a laundry list of "economic damages and other actual harm for which they are entitled to compensation," including:

> (a) [t]heft of their PII, including on information and belief actual theft of credit/debit card numbers; (b) [t]he imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs and Class Members' information on the Internet black market; (c) [t]he untimely and inadequate notification of the data breach; (d) [t]he improper disclosure of their PII; (e) [l]oss of privacy; (f) [a]scertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach; (g) [a]scertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market; (h) [o]verpayments to Marriott for credit reporting services during the subject data breach in that a portion of the price paid for such services by Plaintiffs and Class Members to Marriott was for the costs of reasonable and adequate safeguards and security measures that would protect customers' PII, which Marriott did not implement and, as a result, Plaintiffs and Class Members did not receive what they paid for and by Marriott; and (i) [d]eprivation of rights they possess under the Unfair Competition laws."

(*Id.*, ¶ 32.)

4.    The security incident affecting Marriott has resulted in at least 48 federal actions against Marriott in the United States, including: *Perkins v. Marriott International, Inc.*, Case No. 1:18-cv-12477 (D. Mass.); *Kim v. Marriott International Services, Inc.*, Case No. 2:18-cv-10034 (C.D. Cal.); *Bell v. Marriott International, Inc.*, 8:18-cv-03684 (D. Md.); *Sprowl v. Marriott International, Inc.*,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 8:18-cv-03691 (D. Md.); *Sundius-Rose v. Marriott International, Inc.*, Case No. 8:18-cv-03696 (D. Md.); *Tapling v. Marriott International, Inc.*, Case No. 8:18-cv-03703 (D. Md.); *Walker v. Marriott International, Inc.*, Case No. 8:18-cv-03702; *Elliot v. Marriott International, Inc.*, Case No. 8:18-cv-03700 (D. Md.); *Weinstein v. Marriott International, Inc.*, Case No. 8:18-cv-03704; *McGrath v. Marriott International, Inc.*, 1:18-cv-06845 (E.D.N.Y); *Fox v. Marriott International, Inc.*, Case No. 1:18-cv-07936 (N.D. Ill.); *Barron v. Marriott International, Inc.*, Case No. 8:18-cv-03720 (D. Md.); *Dam v. Marriott International, Inc.*, Case No. 8:18-cv-03725 (D. Md.); *Taylor v. Marriott International, Inc.*, Case No. 1:18-cv-03724 (D. Md.); *Bernstein v. Marriott International, Inc.*, Case No. 8:18-cv-03726 (D. Md.); *Sisbarro v. Marriott International, Inc.*, Case No. 8:18-cv-03727 (D. Md.); *Husebo v. Marriott International, Inc.*, Case No. 5:18-cv-02545 (C.D. Cal.); *Haque v. Marriott International, Inc.*, Case No. 8:18-cv-03736 (D. Md.); *Oake v. Marriott International, Inc.*, Case No. 8:18-cv-3738 (D. Md.); *Trager v. Marriott International, Inc.*, Case No. 1:18-cv-03745 (D. Md.); *Raab v. Marriott International, Inc.*, Case No. 1:18-cv-08007 (N.D. Ill.); *Kimmel v. Marriott International, Inc.*, Case No. 3:18-cv-01983 (D. Conn.); *Dorfman v. Marriott International, Inc.*, Case No. 3:18-cv-01982; *Reynolds v. Marriott International, Inc.*, Case No. 8:18-cv-03746 (D. Md.); *Grady v. Marriott International, Inc.*, Case No. 3:18-cv-07358 (N.D. Cal.); *Turner v. Marriott International, Inc.*, Case No. 8:18-cv-03763 (D. Md.); *King v. Marriott International, Inc.*, Case No. 2:18-cv-10173 (C.D. Cal.); *Erlbaum v. Marriott International, Inc.*, Case No. 8:18-cv-03764 (D. Md.); *Braun v. Marriott International, Inc.*, Case No. 1:18-cv-25136 (S.D. Fla.); *Sciascia v. Marriott International, Inc.*, Case No. 8:18-cv-03773 (D. Md.); *Rapak v. Marriott International, Inc.*, Case No. 3:18-cv-02005 (D. Conn.); *Lavine v. Marriott International, Inc.*, Case No. 8:18-cv-03775 (D. Md.); *Notley v. Marriott International, Inc.*, Case No. 8:18-cv-03776 (D. Md.); *Crabtree v. Marriott International, Inc.*, Case No. 8:18-cv-03779 (D. Md.); *Hiteshew v. Marriott

*International, Inc.*, Case No. 8:18-cv-03755 (D. Md.); *Nouri v. Marriott International, Inc.*, Case No. 2:18-cv-10234 (C.D. Cal.); *Gamburg v. Marriott*, Case No. 1:18-cv-17060 (D.N.J.); *Walter v. Marriott International, Inc.*, Case No. 18-cv-3804 (D. Md.); *Johnson v. Marriott International, Inc.*, Case No. 18-cv-54883 (D. Ore.); *Lazarus v. Marriott International, Inc.*, Case No. 2:18-cv-05375 (E.D. Pa.); *Haley v. Marriott International, Inc.*, Case No. 1:18-cv-03834 (D. Md.); *Cervantes v. Marriott International, Inc.*, Case No. 8:18-cv-03835 (D. Md.); *Allen v. Marriott International, Inc.*, Case No. 3:19-cv-02050 (D. Conn.); *Sempre v. Marriott International, Inc.*, Case No. 2:18-cv-10324 (C.D. Cal.); *Maldini v. Marriott International, Inc.*, Case No. 1:18-cv-03841 (D. Md.); *Moore v. Marriott International, Inc.*, Case No. 8:18-cv-03848 (D. Md.); *Bittner v. Marriott, International, Inc.*, Case No. 1:18-cv-25243 (S.D. Fla.); *Mortensen v. Marriott International, Inc.*, Case No. 1:18-cv-11740.

5. At least two motions have been filed with the Judicial Panel on Multidistrict Litigation to transfer the federal cases to a single forum (the United States District Court for the District of Maryland) for consolidated pretrial proceedings. *See In re: Marriott International, Inc. Data Breach Litigation*, MDL No. 2879 (Docket Nos. 1, 4). If the Panel centralizes this litigation, this case (upon removal to federal court) will become a "tag-along" action that likely will be transferred as well.

**I.     Removal Is Timely**

1. Although Plaintiffs have not served Defendants with the Complaint and summons, Plaintiffs filed this lawsuit on December 3, 2018 and Defendants obtained a copy shortly thereafter. Defendants timely removed this action on December 13, 2018, within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b).

2. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.    This Court has original jurisdiction under 28 U.S.C. § 1332(d)**

3. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA") because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

### A. Minimal diversity of citizenship exists.

4. Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

5. Plaintiffs are both residents of California. (Ex. A, ¶ 5.) Plaintiffs also allege that "hackers gained access to sensitive personal data for up to 500 [m]illion people worldwide." (*Id.*, ¶ 15.) Plaintiffs bring this action on behalf of "[a]ll persons in California whose PII was disclosed in the data breach in 2014-2018" and "[a]ll persons residing Nationwide whose PII was disclosed in the data breach in 2014-2018." (*Id.*, ¶ 33.) Thus, members of the class presumably are located in all fifty states in the United States.

6. Marriott is a corporation organized under the laws of Delaware with its principal place of business in Maryland. CAFA provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Nathan v. Fry's Elecs., Inc.*, 607 Fed. App'x. 623, 623 (9th Cir. 2015) (finding under CAFA that corporation is citizen of state of incorporation and state of principal place of business). Thus, Marriott is a citizen of Delaware and Maryland.

7. Starwood is a limited liability company organized under the laws of Maryland with its principal place of business in Maryland. CAFA provides that an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28

U.S.C. § 1332(d)(10); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 142 (D.D.C. 2015) (holding that under CAFA, a defendant limited liability company is a citizen of the state in which its principal place of business is located and the state under which laws the defendant was organized). Thus, Starwood is a citizen of Maryland.

8. Because Marriott, Starwood, and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Coll v. First Am. Title Ins. Co.*, 2008 U.S. Dist. LEXIS 112855, at *13 (D.N.M. Apr. 21, 2008) ("minimal diversity" under CAFA requires "only that one plaintiff class member be diverse from one defendant"), *aff'd in part, remanded in part on other grounds*, 642 F.3d 876 (10th Cir. 2011).

### B. Plaintiffs allege a putative class with over 100 proposed members.

9. Plaintiffs filed this case as a class action under California Civil Code § 1781, a provision substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more representative persons. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiffs allege that up to 500 million customers potentially were injured by the data breach and asserts claims on behalf of a Class "believed to be in the millions." (Ex. A, ¶¶ 15, 34.) Thus, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The CAFA amount in controversy is satisfied.

10. The final requirement for CAFA jurisdiction – that the amount in controversy exceed $5 million – is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting

S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). When the complaint is silent as to the amount demanded, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the required amount. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

12.   Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *see also* 14AA Charles A. Wright & Arthur R. Miller, Federal Practice and Procedures § 3704.2 (4th ed.) ("Thus, when CAFA applies, . . . the total amount of the claimed punitive damages are to be applied to the statute's $5 million jurisdictional amount requirement."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.").

13.   Here, Plaintiffs seek actual and compensatory damages, costs, attorneys' fees, punitive damages, and other relief on behalf of a class "believed to be in the millions."  (Ex. A, ¶ 34, Prayer for Relief.) Plaintiffs also allege that "hackers gained access to sensitive personal data for up to 500 [m]illion people worldwide."  (*Id.*, ¶ 15.) Although Plaintiffs do not provide a specific amount of monetary damages in their Prayer for Relief, even nominal damages for a class of

that size exceeds the $5 million threshold.

14. Thus, the amount in controversy element is satisfied in this case for purpose of jurisdiction under CAFA, and solely for that purpose.[1]

### D. None of the CAFA exceptions apply.

15. CAFA's local-controversy exception applies only where plaintiffs seek "significant relief" from at least one in-state defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," and where "during the 3-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. §§ 1332(d)(4)(A)(i)-(ii). *See also Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 371 (E.D. La. 2007) ("The use of the conjunctive 'and' in Section 1332(d)(4)(A) makes it clear that all four of its elements must be satisfied for the 'local-controversy' exception to apply.").

16. Similarly, the discretionary and home-state exceptions, set forth in 28 U.S.C. §§ 1332(d)(3) & (4)(B), respectively, apply "only where *all* primary defendants are citizens of the State in which the action was filed." *Coll*, 2008 U.S. Dist. LEXIS 112855, at *20-22 (emphasis in original).

17. Here, Marriott and Starwood are not citizens of California, thus these exceptions are inapplicable. (*See* Paragraph 12, *supra*.)

18. For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case is removable pursuant to 28 U.S.C. § 1441(a). Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was originally pending. 28 U.S.C. § 1446(a).

## III. Reservation of rights and denial of liability

---

[1] In filing this Notice of Removal, Defendants do not concede liability on any of the claims asserted in Plaintiffs' Complaint, or that they are entitled to recover any damages.

19. Nothing in this Notice is intended or should be construed as an express or implied admission by Marriott or Starwood of any fact alleged by Plaintiffs, of the validity or merit of any of Plaintiffs' claims and allegations, or as a limitation of any of Defendants' rights, claims, remedies and defenses in connection with this action.

20. WHEREFORE, Defendants Marriott and Starwood respectfully request that the above-captioned action now pending in the Superior Court of the State of California for the County of Los Angeles, Central District be removed to this United States District Court for the Central District of California.

Dated: December 14, 2018

Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Teresa C. Chow*
     Teresa C. Chow

Attorneys for Defendants
Marriott International, Inc. and
Starwood Hotels & Resorts Worldwide, LLC

# **CERTIFICATE OF SERVICE**

I, Teresa C. Chow, certify that on December 14, 2018, the foregoing **DEFENDANTS' NOTICE OF REMOVAL**, was served via email and first-class mail, on the following:

| | |
|---|---|
| Thomas V. Girardi<br>Keith D. Griffin<br>**GIRARDI KEESE**<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017<br>Tel: (213) 262-6777<br>Fax: (213) 481-1554<br>Email: tgirardi@girardikeese.com<br>Email: kgriffin@girardikeese.com<br><br>*Attorneys for Plaintiffs and the Putative Class* | Ebby S. Bakhtiar<br>Alex Dibona<br>**LIVINGSTON BAKHTIAR**<br>3435 Wilshire Boulevard<br>Los Angeles, CA 90010<br>Tel: (213) 632-1550<br>Fax: (213) 481-1554<br>Email: esb@livingstonbakhtiar.com<br>Email: ad@livingstonbakhtiar.com<br><br>*Attorneys for Plaintiffs and the Putative Class* |

*/s/ Teresa C. Chow*
Teresa C. Chow