EXHIBIT "A"

**ORIGINAL**

Dept. # 12 Assigned Kuhl

1  THOMAS V. GIRARDI, (SBN: 36603)
   KEITH D. GRIFFIN, (SBN: 204388)
2  **GIRARDI | KEESE**
   1126 WILSHIRE BOULEVARD
3  LOS ANGELES CALIFORNIA 90017
   Telephone: (213) 977-0211
4  Facsimile: (213) 481-1554

5  EBBY S. BAKHTIAR, ESQ. (SBN: 215032)
   **LIVINGSTON • BAKHTIAR.**
6  3435 WILSHIRE BOULEVARD, SUITE 1669
   Los ANGELES, CALIFORNIA 90010
7  TEL: (213) 632-1550
   FAX: (213) 632-3100
8
9  Attorneys for Plaintiffs and the Putative Class

10

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12           COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13                                           **18STCV06982**

14  SEAN SILVER, ALINE BACA, individually    **CLASS ACTION COMPLAINT**
    and on behalf of all others similarly situated,
15                                           1.  BREACH OF WRITTEN CONTRACT
           Plaintiffs,                       2.  NEGLIGENCE
16                                           3.  VIOLATION OF CALIFORNIA'S UNFAIR
              v.                                 COMPETITION LAW CAL. BUS. & PROF.
17                                               CODE § 17200 - UNLAWFUL BUSINESS
    MARRIOTT INTERNATIONAL, INC., a            PRACTICES
18  Delaware corporation; STARWOOD          4.  VIOLATION OF CALIFORNIA'S UNFAIR
    HOTELS & RESORTS WORLDWIDE, LLC,             COMPETITION LAW CAL. BUS. & PROF.
19  a Maryland Limited Liability Company and     CODE §17200 UNFAIR BUSINESS
    DOES 1 through 100, inclusive,               PRACTICES
20                                           5.  VIOLATION OF CALIFORNIA'S UNFAIR
21         Defendants.                           COMPETITION LAW CAL. BUS. & PROF.
                                                 CODE §17200 FRAUDULENT/DECEPTIVE
22                                               BUSINESS PRACTICES
                                             6.  CONSTITUTIONAL INVASION OF
23                                               PRIVACY
                                             7.  NEGLIGENCE *PER SE*
24                                           8.  BREACH OF COVENANT OF DUTY OF
25                                               GOOD FAITH AND FAIR DEALING
                                             9.  VIOLATION OF STATE DATA BREACH
26                                               ACTS

27                                           **JURY TRIAL DEMANDED**

28

────────────────────────────────────────────

                    CLASS ACTION COMPLAINT

FILED
Superior Court of California
County of Los Angeles

DEC 03 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____
        Isaac Lovo          Deputy

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

2      PLAINTIFFS alleges, upon information and belief, based upon the investigation made by

3  and through their attorneys, except those allegations relating to Plaintiffs and their attorneys,

4  which are alleged upon knowledge, as follows

5                              **CLASS ACTION COMPLAINT**

6      Sean Silver and Aline Baca ("Plaintiffs"), both individually and on behalf of all others

7  similarly situated ("California Class" and "National Class"), alleges the following:

8                          **I.      NATURE OF THE ACTION**

9      1.      Marriott International, Inc. (hereinafter "MAR" "Marriott" or "Defendant") represents

10 itself to be the world's largest hotel company. MAR has over 6,700 properties in 130 countries and

11 territories and has over 19 Billion in revenue. On or around November 30, 2018, MAR disclosed that

12 an estimated 150 million consumers' private personal and financial information was obtained by an

13 unauthorized third party in one of the largest data breaches to date. On information and belief, it is

14 believed this data breach began around 2014.

15     2.      Plaintiffs, both individually and on behalf of those similarly situated persons (hereafter

16 "Class Members"), brings this Class Action to secure redress against MAR for their reckless and

17 negligent violations of customer privacy rights.  Plaintiffs and Class Members are former customers

18 who entrusted Marriott with their financial information, email address and passwords.

19     3.      Plaintiffs and Class Members suffered injury. The security breach compromised email

20 addresses, passwords, and on information and belief, full names, addresses, credit/debit card numbers,

21 passport information, communication preferences and other Private Identifiable Information ("PII").

22     4.      As a result of Marriott's wrongful actions and inactions, customer information was

23 stolen. Many of the customers who entrusted MAR with their financial information have had their PII

24 compromised, have had their privacy rights violated, have been exposed to the risk of fraud and

25 identify theft, and have otherwise suffered damages.

26                          **II.     PARTIES**

27

28

                                            2

Doc# 1 Page# 2 - Doc ID = 1759075950 - Doc Type = Complaint

1    5.    At all times relevant to this action, named Plaintiffs, Sean Silver, is and was, a resident
2 of Los Angeles County, State of California. Aline Baca is and was a resident of Stanislaus County,
3 California.

4    6.    Plaintiffs' brings this action on her own behalf and on behalf of all others similarly
5 situated, namely all other individuals who have entrusted MAR with their PII, expecting Marriott to
6 protect that data.

7    7.    Upon information and belief, Defendant MAR is a Delaware corporation, doing
8 substantial business in California with one of its California addresses listed as 900 West Olympic
9 Blvd. Los Angeles CA 90015. Defendant Starwood Hotels & Resorts Worldwide, LLC is a Maryland
10 Limited Liability Company that further does substantial business in California.

11    8.    The true names and/or capacities, whether individual, corporate, associate or otherwise,
12 of Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who
13 therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and upon
14 such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is
15 legally responsible, negligently or in some other actionable manner, for the events and happenings
16 hereinafter referred to, and proximately caused the injuries and damages to Plaintiffs hereinafter
17 alleged. Plaintiffs will seek leave of Court to amend this Complaint to assert the true names and/or
18 capacities of such fictitiously named Defendants when the same have been ascertained.

19    9.    Plaintiffs is informed and believes and thereupon alleges, that at all times
20 mentioned herein, Defendants, and each of them, including Does 1 through 100, were the agents,
21 servants, employees and/or joint ventures of their co-Defendants, and were, as such, acting within
22 the course, scope and authority of said agency, employment and/or joint venture, and that each and
23 every Defendants, as aforesaid, when acting as a principal, was negligent in the selection and
24 hiring of each and every Defendants as an agent, employee and/or joint venturers.

25             **III.    JURISDICTION AND VENUE**

26    10.    This is brought as a class action to remedy violations of California law by Defendant
27 Marriott. This Court has jurisdiction over this action because it is a class action and the amount in
28 controversy is in excess of the jurisdictional minimum of this Court.

1    11.    Specifically, Defendant engaged in substantial marketing, advertising, promotion, and
2    selling of Marriott services throughout California.  This Court has personal jurisdiction over
3    Defendant because of the business they conduct in California and thus has sufficient minimum
4    contacts.

5    12.    The Court also has personal jurisdiction over the Parties because Marriott conducts a
6    major part of their national operations with regular and continuous business activity in California, on
7    information and belief, through its website both not exceeded in other jurisdictions throughout the
8    United States.

9    13.    Venue is proper in Los Angeles County pursuant to *Section 395(a)* of the *Code of Civil*
10   *Procedure.* Defendant conducts business in Los Angeles, many of the acts giving rise to the violations
11   complained of occurred in Los Angeles County, and because Plaintiffs resides in Los Angeles County.

12                        IV.    SUBSTANTIVE ALLEGATIONS
13   *A.    The Data Breach Unravels*

14   14.    Marriott owns and operates over thirty hotel brands is one the largest, if not the largest
15   hospitality company in the world.

16   15.    On November 30, 2018 a major cybersecurity breach was disclosed by Marriott.
17   Defendant Marriott disclosed that hackers gained access to sensitive personal data for up to 500
18   Million people worldwide, including their PII as defined above.

19   16.    MAR has not disclosed more details about the hack.

20   17.    MAR's stock has dropped considerably on the news of the data breach.

21   18.    Consumers, including Plaintiffs and Class Members, paid substantial premiums for
22   Marriott services and trusted MAR with their sensitive data.

23   *B.    Stolen Information Is Valuable to Hackers and Thieves*

24   19. It is well known, and the subject of many media reports, that payment card data is highly
25   coveted and a frequent target of hackers.  Especially in the technology industry, the issue of data
26   security and threats thereto, is well known.  Despite well-publicized litigation and frequent public
27   announcements of data breaches, Marriott opted to maintain an insufficient and inadequate system to
28   protect the payment information of Plaintiffs and Class Members. Private Identifiable Information is

1   also highly coveted and a frequent target of hackers. Despite well-publicized litigation and frequent

2   public announcements of data breaches, Marriott and its affiliates opted to maintain an insufficient and

3   inadequate system to protect the PII of Plaintiffs and Class Members.

4        20.     MAR negligently and recklessly put Plaintiffs' and Class Members PII at risk and the

5   PII, on information and belief, was actually stolen.

6        21.     Legitimate organizations and the criminal underground alike recognize the value of PII.

7   Otherwise, they would not aggressively seek or pay for it. As previously seen in one of the world's

8   largest breaches, hackers compromised the card holder data of 40 million customers.

9        22.     Credit or debit card information is highly valuable to hackers. Credit and debit card

10   information that is stolen from the point of sale are known as "dumps." Credit and debit card dumps

11   can be sold in the cybercrime underground for a retail value of about "$20 apiece." This information

12   can also be used to clone a debit or credit card.

13   *C.*    *The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud*

14        23.     Marriott failed to implement and maintain reasonable security procedures and practices

15   appropriate to the nature and scope of the information compromised in the data breach.

16        24.     The ramification of Marriott's failure to keep Plaintiffs and Class Members' data

17   secure is severe.

18        25.     According to Javelin Strategy and Research, "one in every three people who is notified

19   of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached

20   becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2

21   Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-

22   finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html

23        26.     It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud

24   makes that individual whole again. On the contrary, after conducting a study, the Department of

25   Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information

26   used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of

27   Identity     Theft."     U.S.     Department     of     Justice,     Dec     2013,     *available*     *at*

28

Doc# 1 Page# 5 - Doc ID = 1759075950 - Doc Type = Complaint

1 https://www.bjs.gov/content/pub/pdf/vit12.pdf. In fact, the BJS reported, "resolving the problems

2 caused by identity theft [could] take more than a year for some victims."

3 **D.    Annual Monetary Losses from Identity Theft are in the Billions of Dollars**

4        27.     Javelin Strategy and Research reports that those losses increased to $21 billion in

5 2013. *See* 2013 Identity Fraud Report. There may be a time lag between when harm occurs and when

6 it is discovered, and also between when PII is stolen and when it is used. According to the U.S.

7 Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

8

9        [L]aw enforcement officials told us that in some cases, stolen data may be held for
         up to a year or more before being used to commit identity theft. Further, once

10       stolen data have been sold or posted on the Web, fraudulent use of that information
         may continue for years. As a result, studies that attempt to measure the harm

11       resulting from data breaches cannot necessarily rule out all future harm. GAO,
         Report to Congressional Requesters, at 33 (June 2007), *available* at

12       http://www.gao.gov/new.items/d07737.pdf (attached hereto as Exhibit I)

13       28.     Plaintiffs and Class Members now face years of constant surveillance of their financial

14 and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur

15 such damages in addition to any fraudulent credit and debit card charges incurred by them and the

16 resulting loss of use of their credit and access to funds, whether or not such charges are ultimately

17 reimbursed by the credit card companies.

18 **E.    Plaintiffs and Class Members Suffered Damages**

19       29.     The data breach was a direct and proximate result of Marriott's failure to properly

20 safeguard and protect Plaintiffs and Class Members' PII from unauthorized access, use, and

21 disclosure, as required by various state and federal regulations, industry practices, and the common

22 law, including Marriott's failure to establish and implement appropriate administrative, technical, and

23 physical safeguards to ensure the security and confidentiality of Plaintiffs and Class Members' PII to

24 protect against reasonably foreseeable threats to the security or integrity of such information.

25       30.     Plaintiffs and Class Members' PII is private and sensitive in nature and was

26 inadequately protected by Marriott. Marriott did not obtain Plaintiffs and Class Members' consent to

27 disclose their PII, except to certain persons not relevant to this action, as required by applicable law

28 and industry standards.

6
CLASS ACTION COMPLAINT

1    31.    As a direct and proximate result of Marriott's wrongful action and inaction and the
2  resulting data breach, Plaintiffs and Class Members have been placed at an imminent, immediate, and
3  continuing increased risk of harm from identity theft and identity fraud, requiring them to take the
4  time and effort to mitigate the actual and potential impact of the subject data breach on their lives by,
5  among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their
6  financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring
7  their credit reports and accounts for unauthorized activity.

8    32.    Marriott's wrongful actions and inaction directly and proximately caused the theft and
9  dissemination into the public domain of Plaintiffs and Class Members' PII, causing them to suffer, and
10 continue to suffer, economic damages and other actual harm for which they are entitled to
11 compensation, including:

12    a.    Theft of their PII, including on information and belief actual theft of credit/debit card
13         numbers;

14    b.    The imminent and certainly impending injury flowing from potential fraud and identity
15         theft posed by their PII being placed in the hands of criminals and already misused via
16         the sale of Plaintiffs and Class Members' information on the Internet black market;

17    c.    The untimely and inadequate notification of the data breach;

18    d.    The improper disclosure of their PII;

19    e.    Loss of privacy;

20    f.    Ascertainable losses in the form of out-of-pocket expenses and the value of their time
21         reasonably incurred to remedy or mitigate the effects of the data breach;

22    g.    Ascertainable losses in the form of deprivation of the value of their PII, for which there
23         is a well-established national and international market;

24    h.    Overpayments to Marriott for credit reporting services during the subject data breach in
25         that a portion of the price paid for such services by Plaintiffs and Class Members to
26         Marriott was for the costs of reasonable and adequate safeguards and security measures
27         that would protect customers' PII, which Marriott did not implement and, as a result,
28         Plaintiffs and Class Members did not receive what they paid for and by Marriott; and

7

Doc# 1 Page# 7 - Doc ID = 1759075950 - Doc Type = Complaint

1    i.    Deprivation of rights they possess under the Unfair Competition Laws.

2                    **V.    CLASS ACTION ALLEGATIONS**

3        33.    Plaintiffs brings this action on her own behalf and on behalf of all other

4   persons similarly situated pursuant to *California Civil Code § 1781* (hereinafter, "The Class"). The

5   Class is composed of:

6            All persons residing in California whose PII was disclosed in the data

7            breach in 2014-2018 (the "California Class").

8            All persons residing Nationwide whose PII was disclosed in the data
             breach in 2014-2018 (the "Nationwide Class") (Collectively referred to as

9            "The Class")

10       34.    Plaintiffs does not know the exact number of members of The Class, since that

11   information is within the exclusive control of Defendants. But, the members of The Class are believed to

12   be in the millions. The Class is so numerous that joinder of all members is impracticable.

13       35.    The Plaintiffs and the members of The Class share a community of interest, as

14   they all have a same or similar claim arising from the same or similar wrongful actions and omissions

15   of Defendants, and each of them.

16       37.    There are questions of law and/or fact common to The Class, which are

17   substantially similar and predominate over the questions affecting the individual members. The

18   claims and/or defenses of the representative Plaintiffs are typical of the claims and/or defenses of

19   The Class and all are based upon the same legal theories. The representative Plaintiffs will fairly

20   and adequately protect the interests of The Class. The Class Action is an appropriate method for

21   the fair and efficient adjudication of the controversy.

22       38.    Plaintiffs can and will fairly and adequately represent the interests of The

23   Class through Plaintiffs' attorneys, who are competent and qualified to prosecute this litigation.

24       39.    A class action is an appropriate method for the fair and efficient adjudication

25   of this controversy.

26                            **COUNT I**

27                    **Breach of Written Contract**

28                (On Behalf of Plaintiffs and the Class)

                            8

1    40.    Plaintiffs incorporates the substantive allegations contained in each and every
2 paragraph of this Complaint.

3    41.    Marriott solicited and invited Plaintiffs and the members of the Class to entrust
4 Marriott with their PII as defined above.

5    42.    When Plaintiffs and Class Members used Marriott's services, they provided their
6 Private Identifiable Information. In so doing, Plaintiffs and Class Members entered into a contracts
7 with Marriott pursuant to which Marriott agreed to safeguard and protect such information and to
8 timely and accurately notify Plaintiffs and Class Members if their data had been breached and
9 compromised. Specifically, MAR's privacy policy states under the section "Security" under their
10 Marriott Group Global Privacy Statement:

11       "We seek to use reasonable organizational, technical and administrative measures to protect
12       Personal Data"

13    43.    Personal data and financial information provided to Marriott by Plaintiffs and Class
14 Members was provided pursuant to the mutually agreed-upon contract with Marriott under which
15 Marriott agreed to safeguard and protect Plaintiffs and Class Members' Private Identifiable
16 Information and to timely and accurately notify them if such information was compromised or stolen.

17    44.    Plaintiffs and Class Members would not have provided and entrusted their Private
18 Identifiable Information to Marriott in the absence of the contract between them and Marriott.

19    45.    Plaintiffs and Class Members fully performed their obligations under the implied
20 contracts with Marriott.

21    46.    Marriott breached the contracts it made with Plaintiffs and Class Members by failing to
22 safeguard and protect the Private Identifiable Information of Plaintiffs and Class Members and by
23 failing to provide timely and accurate notice to them that their Private Identifiable Information was
24 compromised as a result of the data breach.

25    47.    As a direct and proximate result of Marriott's breaches of the contracts between
26 Marriott and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and
27 damages as described in detail above.

28                          **COUNT II**

                                   9
                          CLASS ACTION COMPLAINT

1                                      **Negligence**

2                        (On Behalf of Plaintiffs and the Class)

3          48.    Plaintiffs repeats and fully incorporates the allegations contained in each and every

4    paragraph of this Complaint.

5          49.    Upon accepting Plaintiffs and Class Members' Private Identifiable Information in their

6    system, Marriott undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable

7    care to secure and safeguard that information from being compromised, lost, stolen, misused, and

8    or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so. This

9    duty included, among other things, designing, maintaining, and testing Marriott's security systems to

10   ensure that Plaintiffs and the Class Members' PII was adequately secured and protected.

11         50.    Marriott further had a duty to implement processes that would detect a breach of its

12   security system in a timely manner.

13         51.    Marriott also had a duty to timely disclose to Plaintiffs and Class Members that their

14   Private Identifiable Information had been or was reasonably believed to have been compromised.

15   Timely disclosure was appropriate so that, among other things, Plaintiffs and Class Members could

16   take appropriate measures to avoid use of bank funds, and monitor their account information and

17   credit reports for fraudulent activity.

18         52.    Marriott breached its duty to discover and to notify Plaintiffs and Class Members of the

19   unauthorized access by failing to discover the security breach within reasonable time and by failing to

20   notify Plaintiffs and Class Members of the breach timely. To date, Marriott has not provided

21   sufficient information to Plaintiffs and Class Members regarding the extent and scope of the

22   unauthorized access and continues to breach its disclosure obligations to Plaintiffs and the Class.

23         53.    Marriott also breached its duty to Plaintiffs and Class Members to adequately protect

24   and safeguard this information by knowingly disregarding standard information security principles,

25   despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private

26   Identifiable Information. Furthering its negligent practices, Marriott failed to provide adequate

27   supervision and oversight of the Private Identifiable Information with which it is entrusted, in spite of

28   the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to

                                            10
                               CLASS ACTION COMPLAINT

1  gather Plaintiffs' and Class Members' Private Identifiable Information, misuse the Private Identifiable
2  Information, and intentionally disclose it to others without consent.

3      54.     Through Marriott's acts and omissions described in this Complaint, including
4  Marriott's failure to provide adequate security and its failure to protect Plaintiffs and Class Members'
5  Private Identifiable Information from being foreseeably captured, accessed, disseminated, stolen, and
6  misused, Marriott unlawfully breached its duty to use reasonable care to adequately protect and secure
7  Plaintiffs and Class Members' Private Identifiable Information during the time it was within
8  Marriott's control.

9      55.     Further, through its failure to timely discover and provide clear notification of the data
10  breach to consumers, Marriott prevented Plaintiffs and Class Members from taking meaningful,
11  proactive steps to secure their Private Identifiable Information.

12      56.     Upon information and belief, Marriott improperly and inadequately safeguarded the
13  Private Identifiable Information of Plaintiffs and Class Members in deviation from standard industry
14  rules, regulations, and practices at the time of the data breach.

15      57.     Marriott's failure to take proper security measures to protect Plaintiffs and Class
16  Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable,
17  intentional criminal act, namely the unauthorized access of Plaintiffs and Class Members' Private
18  Identifiable Information.

19      58.     Marriott's conduct was grossly negligent and departed from all reasonable standards of
20  care, including, but not limited to: failing to adequately protect the Private Identifiable Information;
21  failing to conduct adequate regular security audits; failing to provide adequate and appropriate
22  supervision of persons having access to Plaintiffs and Class Members' Private Identifiable
23  Information.

24      59.     Neither Plaintiffs nor the other Class Members contributed to the data breach and
25  subsequent misuse of their Private Identifiable Information as described in this Complaint. As a direct
26  and proximate result of Marriott's negligence, Plaintiffs and Class Members sustained actual losses
27  and damages as described in detail above.

28                                 **COUNT III**

11
CLASS ACTION COMPLAINT

1 **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful**

2 **Business Practices**

3 (On Behalf of Plaintiffs and the Class)

4     60.    Plaintiffs repeats and fully incorporates the allegations contained in each and every

5 allegation of this Complaint.

6     61.    Marriott has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful,

7 unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising

8 that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200. Marriott

9 engaged in unlawful acts and practices with respect to its services by establishing the sub-standard

10 security practices and procedures described herein; by soliciting and collecting Plaintiffs' and Class

11 Members' Private Identifiable Information with knowledge that the information would not be

12 adequately protected; and by gathering Plaintiffs' and Class Members' Private Identifiable

13 Information in an unsecure electronic environment in violation of California's data breach statute, Cal.

14 Civ. Code § 1798.81.5, which requires Marriott to take reasonable methods of safeguarding the

15 Private Identifiable Information of Plaintiffs and the Class Members.

16     62.    In addition, Marriott engaged in unlawful acts and practices with respect to its services

17 by failing to discover and then disclose the data breach to Plaintiffs and Class Members in a timely

18 and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82. To date, Marriott

19 has still not provided such sufficient information to Plaintiffs and the Class Members.

20     63.    As a direct and proximate result of Marriott's unlawful acts and practices, Plaintiffs

21 and the Class Members were injured and lost money or property, including but not limited to the loss

22 of their legally protected interest in the confidentiality and privacy of their Private Identifiable

23 Information, and additional losses described above.

24     64.    Marriott knew or should have known that its system had been breached and data

25 security practices were inadequate to safeguard Class Members' Private Identifiable Information and

26 that the risk of a data breach or theft was highly likely. Marriott's actions in engaging in the above-

27 named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless

28 with respect to the rights of Class Members.

12

Doc# 1 Page# 12 - Doc ID = 1759075950 - Doc Type = Complaint

65.     Plaintiffs and members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Marriott may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Marriott because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

<u>COUNT IV</u>

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices**

(On Behalf of Plaintiffs and the Class)

66.     Plaintiffs repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

67.     Marriott engaged in unfair acts and practices by soliciting and collecting Plaintiffs' and Class Members' Private Identifiable Information with knowledge that the information would not be adequately protected; while Plaintiffs' and the Class Members' Private Identifiable Information would be processed in an unsecure electronic environment. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and the Class Members. They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not. The harm these practices caused to Plaintiffs and the members of the Class outweighed their utility, if any.

68.     Marriott engaged in unfair acts and practices with respect to the provision of its services by failing to enact adequate privacy and security measures and protect Class Members' Private Identifiable Information from further unauthorized disclosure, release, data breaches, and theft, and failing to timely discovery and give notice of the Data Breach. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Class Members. They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not. The harm these practices caused to Plaintiffs and the Class Members outweighed their utility, if any.

13
CLASS ACTION COMPLAINT

1    69.    As a direct and proximate result of Marriott's acts of unfair practices and acts,

2  Plaintiffs and the members of the Class were injured and lost money or property, including but not

3  limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and

4  additional losses described above.

5    70.    Marriott knew or should have known that its systems and data security practices were

6  inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a data

7  breach or theft was highly likely.  Marriott's actions in engaging in the above-named unlawful

8  practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the

9  rights of the Class Members.

10    71.    The members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et.*

11  *seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or

12  property that the Marriott may have acquired by means of its unfair business practices,

13  restitutionary disgorgement of all profits accruing to Marriott because of its unfair business

14  practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5),

15  and injunctive or other equitable relief.

16                                   **COUNT V**

17    **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200**

18                          **Fraudulent/Deceptive Business Practices**

19                            (On Behalf of Plaintiffs and the Class)

20    72.    Plaintiffs repeats and fully incorporates the allegations contained in each and every

21  allegation of this Complaint.

22    73.    Marriott engaged in fraudulent and deceptive acts and practices by representing and

23  advertising that it would maintain adequate data privacy and security practices and procedures to

24  safeguard Plaintiffs' and the Class Members' Private Identifiable Information from unauthorized

25  disclosure, release, data breaches, and theft; and representing and advertising that it did and would

26  comply with the requirements of relevant federal and state laws pertaining to the privacy and security

27  of the members of the Class' Private Identifiable Information. These representations were likely to

28  deceive members of the public, including Plaintiffs and Class Members, into believing their Private

                                        14
                              CLASS ACTION COMPLAINT

1  Identifiable Information was securely stored, when it was not, and that Marriott was complying with
2  relevant law, when it was not.

3         74.     Marriott engaged in fraudulent and deceptive acts and practices by omitting,
4  suppressing, and concealing the material fact of the inadequacy of the privacy and security
5  protections for Class Members' Private Identifiable Information.  At the time that Class Members
6  were using Marriott's system, Marriott failed to disclose to Class Members that its data security
7  systems failed to meet legal and industry standards for the protection of their Private Identifiable
8  Information.  Plaintiffs would not have entrusted Marriott with their private information if they
9  had known about its substandard data security practices.  These representations were likely to
10  deceive members of the public, including Plaintiffs and the Class Members, into believing their
11  Private Identifiable Information was secure, when it was not, and that Marriott was complying
12  with relevant law and industry standards, when it was not.

13         75.     As a direct and proximate result of Marriott's deceptive practices and acts,
14  Plaintiffs and the Class Members were injured and lost money or property, including but not
15  limited to the loss of their legally protected interest in the confidentiality and privacy of their
16  Private Identifiable Information, and additional losses described above.

17         76.     Marriott knew or should have known that its system and data security practices
18  were inadequate to safeguard Class Members' PII and that the risk of a data breach or theft was
19  highly likely.  Marriott's actions in engaging in the above-named unlawful practices and acts were
20  negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class
21  Members.

22         77.     Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*,
23  including, but not limited to, restitution to Plaintiffs and Class Members of money or property that
24  Marriott may have acquired by means of its fraudulent and deceptive business practices,
25  restitutionary disgorgement of all profits accruing to Marriott because of its fraudulent and
26  deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code
27  Civ. Proc. §1021.5), and injunctive or other equitable relief.

28                                        **COUNT VI**

15
CLASS ACTION COMPLAINT

1           **Constitutional Invasion of Privacy**

2             (On Behalf of Plaintiffs and the Class)

3        78.    Plaintiffs repeats and fully incorporates the allegations contained in each and every

4 allegation of this Complaint.

5        79.    Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and

6 independent and have inalienable rights. Among these are enjoying and defending life and liberty,

7 acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and

8 privacy."

9        80.    Plaintiffs and Class members had a legally protected privacy interest in the Private

10 Identifiable Information provided to Marriott.

11        81.    Plaintiffs and Class Members had a reasonable expectation of privacy as to the

12 Private Identifiable Information they provided to Marriott under the circumstances of their

13 purchases.

14        82.    Marriott's actions and inactions amounted to a serious invasion of the protected

15 privacy interests of Plaintiffs and Class Members.

16        83.    Marriott's invasion of Plaintiffs and Class Members' reasonable expectation of

17 privacy caused Plaintiffs and Class members to suffer damages.

18                       **COUNT VII**

19                 **Negligence *Per Se***

20             (On Behalf of Plaintiffs and the Class)

21        84.    Plaintiffs repeats and fully incorporates the allegations contained in each and every

22 allegation of this Complaint.

23        85.    Pursuant to state laws in California, Marriott had a duty to those California Class

24 Members to implement and maintain reasonable security procedures and practices to safeguard

25 Plaintiffs and Class Members' Personal Information:

26            a.   California: Cal Civ. Code § 1798.81.5

27        86.    Marriott breached their duties to Plaintiffs and California Class Members as

28 established under Cal Civ. Code § 1798.81.5 by failing to provide fair, reasonable, or adequate

Doc# 1 Page# 16 - Doc ID = 1759075950 - Doc Type = Complaint

1  computer systems and data security practices to safeguard Plaintiffs and Class Members' Personal
2  Information.

3      87.    Marriott's failure to comply with applicable laws and regulations constitutes
4  negligence *per se*.

5      88.    But for Marriott's wrongful and negligent breach of their duties owed to Plaintiffs
6  and California Class Members, Plaintiffs and California Class Members would not have been
7  injured.

8      89.    The injury and harm suffered by Plaintiffs and California Class Members was the
9  reasonably foreseeable result of Marriott's breach of their duties. Marriott knew or should have
10 known that they were failing to meet their duties, and that Marriott's breach would cause Plaintiffs
11 and California Class Members to experience the foreseeable harms associated with the exposure of
12 their Personal Information.

13     90.    As a direct and proximate result of Marriott's negligent conduct, Plaintiffs and
14 Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

15                                 **COUNT VIII**

16             **Breach of the Covenant of Duty of Good Faith and Fair Dealing**

17                        (On Behalf of Plaintiffs and the Class)

18     91.    Plaintiffs repeats and fully incorporates the allegations contained in each and every
19 allegation of this Complaint.

20     92.    The law implies a covenant of good faith and fair dealing in every contract.

21     93.    Plaintiffs and Class Members contracted with Defendant Marriott by accepting
22 Defendant Marriott's services.

23     94.    Plaintiffs and Class Members performed all of the significant duties under their
24 agreements with Defendant Marriott.

25     95.    The conditions required for Defendant Marriott's performance under the contract
26 has occurred.

27     96.    Defendant Marriott did not provide and/or unfairly interfered with and/or frustrated
28 the right of Plaintiffs and the Class Members to receive the full benefits under their agreement.

                                        17
                            CLASS ACTION COMPLAINT

1   97.   Marriott breached the covenant of good faith and fair dealing implied in its

2 contracts with Plaintiffs and the Class Members by failing to use and provide reasonable and

3 industry-leading security practices.

4   98.   Plaintiffs and the Class Members were damaged by Marriott's breach in that they

5 paid for, but never received, the valuable security protections to which they were entitled, and

6 which would have made their products and services more valuable.

7                                    **COUNT IX**

8                        **Violation of State Data Breach Acts**

9                          (On Behalf of Plaintiffs and the Class)

10   99.   Plaintiffs repeats and fully incorporates the allegations contained in each and every

11 allegation of this Complaint.

12   100.   Marriott owns, licenses, and/or maintains computerized data that includes Plaintiffs

13 and Class Members' PII.

14   101.   Marriott was required to, but failed, to take all reasonable steps to dispose, or

15 arrange for the disposal, of records within its custody or control containing PII when the records

16 were no longer to be retained, by shredding, erasing, or otherwise modifying the personal

17 information in those records to make it unreadable or undecipherable through any means.

18   102.   Marriott's conduct, as alleged above, violated the data breach statutes of California,

19 including: California, Cal. Civ. Code §§ 1798.80 et. seq.;

20   103.   Marriott was required to, but failed, to implement and maintain reasonable security

21 procedures and practices appropriate to the nature and scope of the information compromised in

22 the Data Breach.

23   104.   The Data Breach constituted a "breach of the security system" within the meaning

24 of section 1798.82(g) of the California Civil Code.

25   105.   The information compromised in the Data Breach constituted "personal

26 information" within the meaning of section 1798.80(e) of the California Civil Code.

27   106.   Like other State Data Breach Acts, California Civil Code § 1798.80(e) requires

28 disclosure of data breaches "in the most expedient time possible and without unreasonable delay . .

                                         18

Doc# 1 Page# 18 - Doc ID = 1759075950 - Doc Type = Complaint

1  ."

2     107.    Marriott violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure

3  of the Data Breach to Plaintiffs and other Class Members, whose PII was, or was reasonably

4  believed to have been, acquired by an unauthorized person.

5     108.    Upon information and belief, no law enforcement agency instructed Marriott that

6  notification to Plaintiffs and Class Members would impede a criminal investigation.

7     109.    As a result of Marriott's violation of State Data Breach Acts, including Cal. Civ.

8  Code § 1798.80, et seq., Plaintiffs and Class Members incurred economic damages, including

9  expenses associated with monitoring their personal and financial information to prevent further

10  fraud.

11     110.    Plaintiffs, individually and on behalf of the Class, seek all remedies available under

12  Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by Class

13  Members as alleged above; (b) statutory damages for Marriott's willful, intentional, and/or

14  reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys'

15  fees and costs under Cal. Civ. Code §1798.84(g).

16     111.    Because Marriott was guilty of oppression, fraud or malice, in that it failed to act

17  with a willful and conscious disregard of Plaintiffs and Class Members' rights, Plaintiffs also

18  seeks punitive damages, individually and on behalf of the Class.

19                              **PRAYER FOR RELIEF**

20          WHEREFORE, Plaintiffs, individually and on behalf of all Class Members proposed in

21  this Complaint, respectfully requests that the Court enter judgment in her favor and against

22  Marriott as follows:

23          A.    For an Order certifying the National and California Class as defined here, and

24                appointing Plaintiffs and her Counsel to represent the National and California

25                Class;

26          B.    For equitable relief enjoining Marriott from engaging in the wrongful conduct

27                complained of here pertaining to the misuse and/or disclosure of Plaintiffs and

28                Class Members' Private Identifiable Information, and from refusing to issue

                                      19

1            prompt, complete, and accurate disclosures to the Plaintiffs and Class Members;

2      C.    For equitable relief compelling Marriott to utilize appropriate methods and policies

3            with respect to consumer data collection, storage, and safety and to disclose with

4            specificity to Class Members the type of PII compromised.

5      D.    For equitable relief requiring restitution and disgorgement of the

6            revenues wrongfully retained as a result of Marriott's wrongful conduct;

7      E.    For an award of actual damages and compensatory damages, in an

8            amount to be determined;

9      F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

10     G.    Such other and further relief as this court may deem just and proper.

11     E.    For Punitive Damages.

12

13  DATED:  November 30, 2018       GIRARDI | KEESE

14

15

16                      By:   _____

                              KEITH D. GRIFFIN, ESQ.

17                              Attorneys for PLAINTIFFSS

18

19                **VI.**    **DEMAND FOR JURY TRIAL**

20      Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demands a jury

    trial for all claims so triable.

21

22  DATED: November 30, 2018       GIRARDI | KEESE

23

24                      By:   _____

25                              KEITH D. GRIFFIN, ESQ.

                              Attorneys for PLAINTIFFSS

26

27

28

20
CLASS ACTION COMPLAINT